IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-CV-02854-GPG
(To be supplied by the court)

PRINCE E. JONES _____, Plaintiff

v.

UNITED STATES _____,

FEDERAL BUREAU OF PRISONS _____,

JENNIFER SEROSKI _____,

B. FOSTER _____, Defendant(s).

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 09 2023

JEFFREY P. COLWELL
CLERK

(List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section B. Do not include addresses here.)

## PRISONER COMPLAINT

### NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.**

## A. PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

PRINCE E. JONES #32455-007 USP ADMAX P.O. BOX 8500 FLORENCE CO. 81226
(Name, prisoner identification number, and complete mailing address)

_____
(Other names by which you have been known)

*Indicate whether you are a prisoner or other confined person as follows: (check one)*

\_\_\_ Pretrial detainee
\_\_\_ Civilly committed detainee
\_\_\_ Immigration detainee
\_\_\_ Convicted and sentenced state prisoner
\_\_\_ Convicted and sentenced federal prisoner
\_\_\_ Other: (*Please explain*) D.C. Prisoner

## B. DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1: Jennifer Seroski PA-C
(Name, job title, and complete mailing address)

5880 State Highway 67 Florence, CO 81226

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? ✓ Yes \_\_\_ No (*check one*). Briefly explain:

Defendant is employee of Federal Government Health Services Agent

Defendant 1 is being sued in his/her ✓ individual and/or ✓ official capacity.

2

Defendant 2: **B. Foster SIS-T**
(Name, job title, and complete mailing address)
5880 State Highway 67 Florence, CO 81226 or
400 States Avenue Tower II 8th floor Gateway Complex
Kansas City, Kansas 66101-2492

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? ✓ Yes ___ No (*check one*). Briefly explain:

Defendant is a Federal Correctional officer

Defendant 2 is being sued in his/her ✓ individual and/or ✓ official capacity.

Defendant 3: **UNITED STATE - FEDERAL BUREAU OF PRISONS**
(Name, job title, and complete mailing address)

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? ✓ Yes ___ No (*check one*). Briefly explain:

Defendant is a Federal Corporation Agency

Defendant 3 is being sued in his/her ✓ individual and/or ✓ official capacity.

## C. JURISDICTION

*Indicate the federal legal basis for your claim(s): (check all that apply)*

___ 42 U.S.C. § 1983 (state, county, and municipal defendants)

✓ *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (federal defendants)

___ Other: (*please identify*) _____

## D. STATEMENT OF CLAIM

Plaintiff brings forth this Bivens Action against Defendants Jennifer Seroski who is a Federal Employee at the ADX Prison as a Medical Health Service PA-C and against B. Foster SIS-Tech who is also a Federal Employee at the ADX Prison.

Defendants acted against Plaintiff under Color of Federal Law in clear breach of Duty while acting within the Scope of Federal Law. Defendants at all times knew or should have known Bureau of Prisons Policy which creates a Duty which was breached by Defendants from their intentional conduct against plaintiff in violation of Plaintiff Constitutional Rights under the Fifth Amendment and Eighth Amendment as well as Program Statements 6031.04 and Program Statement 5580.08 III and 553.14 3-b

## D. FACTS

1.) Defendant Jennifer Seroski PA-C is a Federal employee who knew or should have known Federal Bureau of Prison Policy Program Statement 6031.04. Defendant acting within the course and scope of employment under color of Federal law. Did violate said Prison Policy which creates a Duty upon Defendant which was clearly breached by Defendant. SEE Yousuf v. U.S., 642 F. Supp. 415 M.D. Pa. (19

2.) ON January 2021 Defendant Jennifer Seroski refused to provide plaintiff with a Medical assessment of his Medical needs upon arrival at the ADX Federal Prison. Which constitute a clear violation of Program Statement 6031.04 Patient Care.

3.) Defendant Jennifer Seroski is Required to provide plaintiff with a full physical every three (3) years. Plaintiff made several sick call request for a full physical exam to both Defendant and the Federal Prison Health Service Department. Defendant rejected plaintiffs sick call request and refused to provide plaintiff with a full physical exam. Plaintiff has not been provided with a Physical exam in over seven (7) years.

4.) In the year of 2021-2022 Defendant Jennifer Seroski PA-C issued plaintiff a Medicated Scalp shampoo and directed plaintiff to use said Scalp shampoo as a body lotion to treat plaintiffs known skin condition. Under the direction of Defendant who is not a Dermatologist. Defendant instructed plaintiff to use said shampoo as Body lotion which caused plaintiff to suffer a chemical burn to his skin which caused plaintiff pain bleeding and cracking of the skin. Plaintiff then placed several sick call request in to Defendant for treatment of the chemical burns and to be seen by a Dermatologist Doctor. Defendant rejected all of plaintiffs sick call request and refused to provide plaintiff with any treatment either for the chemical burns or Plaintiffs known skin condition. Defendant Jennifer Seroski Breached her Duty to provide Plaintiff with adequate treatment and care. Which deprived Plaintiff of his Eighth Amendment Constitutional Right, with intentional intentional infliction of Emotional Distress and Deliberate indifference to Plaintiffs Medical needs.

D.   FACTS

5.) ON or about January 2021 Defendant B. Foster confiscated Plaintiffs personal property. Defendant Forfeited Plaintiffs Personal Books and legal Documents, denying plaintiff Due process of his property Disposition as provided under Programe Statement 5580.08-2 III and 553.14 3-b.

6.) Defendant acted under color of Federal Law against Plaintiff. Defendant Had a Duty under Bureau of Prison Policy to afford plaintiff of the Due Process established under Program statement 5580.08-2 III and 553.14 3-b

7.) Defendant breached its Duty which said policy created when Defendant failed to comply with its requirement when Defendant Forfeited plaintiffs property without Due process established under said policy.

8.) Defendant violated Plaintiffs Fifth Amendment Constitutional Right to his property, and Due Process of Law.

D.  LEGAL CLAIM

9.) THE, Defendants Jennifer Seroski acted against plaintiff with deliberate indifference to his Medical needs which violated not only the Federal Bureau of Prison Program Statement 6031.04 Patient Care but also violated plaintiffs Rights which constituted cruel and unusual punishment under the 8th Amendment to the Constitution

10.) THE, Defendant B. Foster acted against plaintiff with deliberate indifference to his property Rights which violated not only the Federal Bureal of Prison Program Statement 5580.08-2 III and 553.14-3-b inmate property, but also violated Plaintiffs Rights under the Fifth Amendm Constituting a Deprivation of property and Due process of Law under the 5th and 14th Amendment to the Constitution.

11.) Plaintiff has no plain adequate or complete remedy at Law to redress the wrongs described herein. Plaintiff has been and will continue to suffer irreparable injuries by the conduct of the Defendants unless this Court grants the declaratory and injunctive relief which plaintiff seeks.

### E. PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated?  ✓ Yes ___ No (*check one*).

*If your answer is "Yes," complete this section of the form. If you have filed more than one previous lawsuit, use additional paper to provide the requested information for each previous lawsuit. Please indicate that additional paper is attached and label the additional pages regarding previous lawsuits as "E. PREVIOUS LAWSUITS."*

Name(s) of defendant(s): District of Columbia

Docket number and court: not available - dont remember

Claims raised: 4th, 5th and 10th Amendment violation

Disposition: (is the case still pending? has it been dismissed?; was relief granted?) On Appeal

Reasons for dismissal, if dismissed: failure to state claim

Result on appeal, if appealed: pending

### F. ADMINISTRATIVE REMEDIES

*WARNING: Prisoners must exhaust administrative remedies before filing an action in federal court regarding prison conditions. See 42 U.S.C. § 1997e(a). Your case may be dismissed or judgment entered against you if you have not exhausted administrative remedies.*

Is there a formal grievance procedure at the institution in which you are confined?

✓ Yes ___ No (*check one*)

Did you exhaust administrative remedies?

✓ Yes ___ No (*check one*)

5

## G. PRAYER FOR RELIEF

12.) Plaintiff, prays that this Court enter judgment granting plaintiff;

13.) A declaration that the acts and omissions described herein violated plaintiffs rights under the Constitution and laws of the United States.

14.) A preliminary and permanent injunction ordering defendants Jennifer Seroski, PA-C Provide plaintiff with the Medical treatment and care needed. And order defendant B. Foster to return plaintiffs Books and legal Documents or allow plaintiff to mail them home.

15.) Compensatory damages in the amount of $100,000 dollars against Defendant Jennifer Seroski, Jointly and Severally $11,000 dollars against Defendant B. Foster Jointly and Severally.

16.) Punitive damages in the amount of $50,000 dollars against defendant Jennifer Seroski, Jointly and Severally $5,500 dollars against defendant B. Foster, Jointly and Severally.

## G. PRAYER FOR RELIEF

17.) A Jury trial on all issues triable by jury

18.) Plaintiff's costs in this suit

19.) Any additional relief this court deems just and equitable.

G.  **REQUEST FOR RELIEF**

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "G. REQUEST FOR RELIEF."*

SEE Additional pages
Prayer for Relief G.

H.  **PLAINTIFF'S SIGNATURE**

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

JONES, PRINCE
(Plaintiff's Signature)

12-29-2022
(Date)

(Form Revised December 2017)

6



Name Jones, Prince
Reg. No. 32455-007
U.S. Penitentiary Max.
P.O. Box 8500
Florence, CO 81226-8500

TO: THE CLERK OF COURT FOR
U.S. DISTRICT COURT
901 - 19th Street, Room-A105
Denver, CO. 80294-3589

FEDERAL [PRISON] CAMP
P.O. B[OX]
FLORENCE, COLORADO 81226

DATE: FEB 07 2023

"SPECIAL/LEGAL MAIL"

The enclosed letter was processed through special mailing procedure for forwarding to you. The [letter has] n[either] been opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may return the material for [information or cla]rification. If the writer encloses correspondence for forwarding to another addressee, please return the enclosure to the above address.