IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
APR 24 2023
JEFFREY P. COLWELL
CLERK

Civil Action No. __1:22-CV-02854-MDB__
(To be supplied by the court)

__PRINCE E. JONES__, Plaintiff

v.

__UNITED STATES AMERICA__

__FEDERAL BUREAU OF PRISONS__

__JENNIFER SEROSKI - PA-C__

__B. FOSTER, SIS-TECH__, Defendant(s).

(List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section B. Do not include addresses here.)

---

**PRISONER COMPLAINT**

---

**NOTICE**

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.**

### A. PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

PRINCE E. JONES #32455-007 USP ADMAX P.O. BOX 8500 FLORENCE CO. 81226
(Name, prisoner identification number, and complete mailing address)

_____
(Other names by which you have been known)

*Indicate whether you are a prisoner or other confined person as follows: (check one)*

___ Pretrial detainee
___ Civilly committed detainee
___ Immigration detainee
___ Convicted and sentenced state prisoner
___ Convicted and sentenced federal prisoner
___ Other: *(Please explain)* D.C. Prisoner

### B. DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1: Jennifer Seroski PA-C
(Name, job title, and complete mailing address)

5880 State Highway 67 Florence, CO 81226

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? ✓ Yes ___ No *(check one)*. Briefly explain:

Defendant is employee of Federal Government Health Services Agent

Defendant 1 is being sued in his/her ✓ individual and/or ✓ official capacity.

Defendant 2: **B. Foster SIS-T**
(Name, job title, and complete mailing address)
5880 State Highway 67 Florence, CO 81226 or
400 States Avenue Tower II 8th floor Gateway Complex
Kansas City, Kansas 66101-2492

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? ✓ Yes ___ No (*check one*). Briefly explain:

Defendant is a Federal correctional officer

Defendant 2 is being sued in his/her ✓ individual and/or ✓ official capacity.

Defendant 3: **UNITED STATE-FEDERAL BUREAU OF PRISONS**
(Name, job title, and complete mailing address)
US Department of Justice 20530

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? ✓ Yes ___ No (*check one*). Briefly explain:

Defendant is a Federal Corporation Agency

Defendant 3 is being sued in his/her ✓ individual and/or ✓ official capacity.

## C. JURISDICTION

*Indicate the federal legal basis for your claim(s): (check all that apply)*

___ 42 U.S.C. § 1983 (state, county, and municipal defendants)

✓ *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (federal defendants)

✓ Other: (*please identify*) FTCA 28 U.S.C. 1346(B)

## D. STATEMENT OF CLAIM FOR BIVENS ACTION

Plaintiff brings forth this BIVENS 28 U.S.C. 1331 againsts Defendants Jennifer Seroski PA-C who is a Federal employee At the Federal ADX Prison and Defendant B. Foster SIS-Tech who is a employee At the Federal Prison ADX Defendants are sued in their individual and official capicity for deprivation of Plaintiffs U.S. Constitutional Rights. Defendants acted against Plaintiff under color of Federal Law with Deliberate Indifference to Plaintiffs 8th and 5th Amendment Constitutional Rights. Defendants placed Plaintiff at risk of serious physical and mental injury and deprivation of personal property interest and adequate Medical care which is guaranteed to Plaintiff under the EIGHTH AMENDMENT and FIFTH AMENDMENT TO THE U.S. CONSTITUTION. which constitute a clear deliberate indiffrence and Intentional Inflection of Emotional Distress Gaslighting in violation of the 8th and 5th Amendment.

## D. STATEMENT OF CLAIM FOR FTCA ACTION

Plaintiff brings forth this FTCA 28 U.S.C. 1346(B) against the United States of America And Defendants Jennifer Seroski who is a Federal employee at the ADX Prison acting as Medical Health Service PA-C and against B. Foster who is also employee SIS-Tech at ADX Federal Prison Defendants acted against Plaintiff under color of Federal Law with Negligence and prejudice in violation of the Accadi Doctrine and Federal Law and BOP Policy in breach of their Duty which Defendants knew or should have known which caused Plaintiff to suffer continuous pain injuries and denial of property Right interest. Plaintiff continues to suffer from Defendants Negligence from Medical Malpractice and denial of Property Interest in violation of Program Statement 6031.04, and Program Statements 5580.08 III, 553.14 3-b

# EIGHTH AMENDMENT CLAIMS
## STATEMENT OF FACTS

A. Begaining in January of 2021 Defendant Jennifer Serosk PA-C Deprived Plaintiff of his Right to Medical treatment care and assessment of medical needs. Defendant refused to provide Plaintiff with a medical assessment of his known documented medical needs upon arrival at the ADX Federal Prison even after Plaintiff request such assessment which is rquired For Defendant to perform under Program Statement 6031.04 Patient care.

B. Defendant denied Plaintiff to have a Full Physical which is a Medical Right of plaintiff that continues to be denied to plaintiff who has not receved a Full physical in eight years Plaintiff has made several request by Sick call and throug the Administrative Remedy process and has continued to be denied such care. Which has and continue to place plaintiff at risk of serious harm from the continue rejection of plaintiffs sick call request

C. The Denial of Admistrative Remedy request for full physical and assessment Defendant has failed to take reasonable measures to guarantee to plaintiff adequate Medical care.

D. Defendant Jennifer Seroski, PA-C issued plaintiff a Medicated Scalp Shampoo and directed plaintiff to use said medicated shampoo as lotion for his body. Under the direction of Defendant who is not a Dermatologist Plaintiff used said shampoo as directed by Defendant and as a result suffered a chemical burn to his body skin which caused plaintiff to skin to bleed from cracking which caused plaintiff serious pain. Plaintiff placed sick call request asking for treatment from the chemical burns and assessment and also to be seen by a Dermatologist. Plaintiff sick call request was rejected and denied by Defendants who left plaintiff with no choice but to suffer the pain from the injuries with no treatment or care which Plaintiff has an established 8th Amendment

Constitutional Right to adequate Medical assessment, treatment care to medical needs. Defendants deprived Plaintiff of the minimal measures of necessities of medical care by rejecting and refusing to provide plaintiff with Medical assessment to injuries, by denied Physical and From the continue denial and rejection of sick call requests. Which all constitute a clear Deliberate Indifference to Plaintiff health and medical needs protected to Plaintiff by the 8th Amendment. Defendant clearly Deprived Plaintiff of his Eighth Amendment Constitutional Right with intentional infliction of Emotional Distress and Deliberate Indifference to plaintiff 8th Amendment Right and medical needs.

# EIGHTH AMENDMENT
## STATEMENT OF CLAIMS FACTS

E. IN January 6, 2021 Defendant B. Foster SIS-Tech Confiscated two of Plaintiffs personal books and Documents. Defendant then forfeited plaintiffs Books and legal documents depriving plaintiff of his 5th Amendment property right interest and Plaintiffs right to Due process created by Federal Bureau of Prison Program Statement 5580.08-2 III and 553.14 3-b. Defendant knew that said property belonged to Plaintiff however, Defendant was moved under deliberate Indifference to plaintiff 5th Amendment Property right interest and the required Due process created by BOP policy violated plaintiffs 5th Amendment Right with prejudice to the policy it was to follow. Plaintiff was entitled to mail home his property that was not allowed at receiving Prison. Defendant violated Plaintiffs 5th Amendment Right to his property and Due process by failing to comply with said BOP policies, and regulations.

# FTCA STATEMENT OF FACTS

F. Defendant Jennifer Seroski, PA-C is a Federal employee acting at all times under color of Federal law and Policy which created a Duty upon Defendant which was breached by Defendants willful negligance and medical malpractice and violation of the Accardi Doctrine by Failing to comply with BOP Policy and regulations under Program Statement 6031.04 Patient Care. The United States Failed to provide procedural safeguards under said BOP regulation to protect Plaintiff from the injuries and damages suffered From the continued negligance and medical malpractice by Defendant Jennifer Seroski, PA-C who beginning On January 6, 2021 denied Plaintiff adequate assessment to known medical needs, Physical exam even after having knowledge that plaintiff has not had a full Physical in over 6 years. Denied plaintiff assessment of injuries caused by ▄▄▄▄ Defendant issue to plaintiff Medicated Shampoo and directed

Plaintiff to use said Medicated scalp shampoo as lotion on his body which caused plaintiff to suffer chemical burns on his skin which bleed and cracked plaintiff skin causing plaintiff pain. Defendant there after ignored all of and rejected plaintiff sick call request where plaintiff requested treatment for the burns and to be seen by a Dermatologist. Plaintiff is entitled to adequate medical treatment and care and to be provided with assessment of medical needs upon arrival at the ADX Prison. Plaintiff is entitled to full physical exams every three years as stated in BOP policy. Plaintiff is entitled to assessement and treatment to all injuries caused by staff or other. Defendant Jennifer Seroski PA-C denied plaintiff these entitelments which clearly breached her Duty under BOP policy. SEE Yousuf V. U.S., 642 F. Supp. 415 M.D. Pa. (1986).

# FTCA STATEMENT OF FACTS

G. Defendant B. Foster, SIS-Tech is a federal employee acting at all times under color of Federal Law and Policy which created a Duty upon Defendant which was breached by Defendants willful negligance in violation of the Accardi Doctrin by failing to comply with BOP policy and regulations under Program statement 5580.08-2 III and 553.14 3-b

In January of 2021 Defendant confiscated Two books from plaintiffs personal property Following plaintiff transfer to the ADX Federal Prison pursuant to above said Program Statement Plaintiff is entitled to mail home any personal property not allowed at the transfered Prison. Defendant failed to comply with said policy and forfeited to plaintiff his property in clear breach of policy and Duty causing this tort Damage Wherefore plaintiff is entitled to recover damage for the Loss of his personal property.

### E. PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated? ✓ Yes ___ No (*check one*).

*If your answer is "Yes," complete this section of the form. If you have filed more than one previous lawsuit, use additional paper to provide the requested information for each previous lawsuit. Please indicate that additional paper is attached and label the additional pages regarding previous lawsuits as "E. PREVIOUS LAWSUITS."*

Name(s) of defendant(s): District of Columbia

Docket number and court: not available - dont remember

Claims raised: 4, 5th and 10th Amendment violation

Disposition: (is the case still pending? has it been dismissed?; was relief granted?) On Appeal

Reasons for dismissal, if dismissed: failure to state claim

Result on appeal, if appealed: pending

### F. ADMINISTRATIVE REMEDIES

*WARNING: Prisoners must exhaust administrative remedies before filing an action in federal court regarding prison conditions. See 42 U.S.C. § 1997e(a). Your case may be dismissed or judgment entered against you if you have not exhausted administrative remedies.*

Is there a formal grievance procedure at the institution in which you are confined?

✓ Yes ___ No (*check one*)

Did you exhaust administrative remedies?

✓ Yes ___ No (*check one*)

5

## G. LEGAL CLAIMS

1. THE, Defendant Jennifer Serosk acted against plaintiff with negligence and deliberate indifference to plaintiff 8th Amendment Right and Medical needs which violated not only the Federal Bureau of Prison Policy and regulations under Program Statement 6031.04 Patient care but also violated plaintiffs' constitutional Right to be free from cruel and unusual punishment under the 8th Amendment.

2. THE, Defendant B. Foster acted against plaintiff with negligence and deliberate indifference to plaintiffs 5th Amendment Right and property Interest and well as Due process which violated not only the Federal Bureau of Prison policy and regulations under Program Statement 5580.08-2.III and 553.14; 3-b inmate property but also violated plaintiffs constitutional Rights to property and Due process under the 5th Amendment.

3. Plaintiff has no other adequate remedy at law to redress the wrongs described herein Plaintiff continue to suffer the irreparable injuries and Damages from the conduct of

Defendants unless this court grants plaintiff the Declaratory, Injunctive and tort damage relief which plaintiff SEEKS.

G. PRAYER FOR RELIEF

4. Plaintiff, prays that this Court enter Judgment granting Plaintiff the following relief;

5. A declaration that the acts and omissions described herein violated Plaintiffs Rights under the Constitution and laws of the United States

6. A Preliminary and permanent injunction ordering defendants Jennifer Seroski, PA-C and the United States, to provide plaintiff with Medical treatment and care to assess injuries and provide physical. And to order defendant and United States B. Foster to return plaintiff Books and legal Documents or allow Plaintiff to mail said home.

7. COMPENSATORY DAMAGES IN THE AMOUNT OF $150,000 one hundred fifty Thousand dollars agains Defendant Jennifer Serosk, Jointly and Severally For her 8th Amendment violations $11,000 dollars against Defendant B. Foster Jointly and Severally For his 5th Amendment violations.

8. Punitive Damages in the Amount of $50,000 Fifty Thousand dollars against Defendant Jennifer Seroski Jointly and Severally, and $5,500 dollars against Defendant B. Foster. Jointly and severally

9. $100,000 and $50,000 in Tort Damages agains the United States of America For the acts of Jennifer Seroski.

10. $11,000 in Tort Damages against the United States of America For the Acts of ~~[redacted]~~ B. Foster.

11. A Jury trial on all issues triable

12. Plaintiffs costs in this suit

13. Any additional relief this court deems just and equitable.

### G.     REQUEST FOR RELIEF

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "G. REQUEST FOR RELIEF."*

SEE ATTACHED - G.

### H.     PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_JONES PRINCE_____
(Plaintiff's signature)

_4-12-2023_____
(Date)

(Form Revised December 2017)

Name: JONES, PRINCE
Reg. No. 32455-007
U.S. Penitentiary Max.
P.O. Box 8500
Florence, CO 81226-8500

Legal-Mail

TO: THE CLERK OF COURT
FOR U.S. DISTRICT COURT HOUSE
DENVER, COLORADO
901-19th Street Room A-105
Denver, CO. 80294-3589

FEDERAL PRISON CAMP
P.O. BOX 8500
FLORENCE, COLORADO 81226

APR 18 2023