IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22–cv–02854–PAB–MDB

PRINCE E. JONES,

    Plaintiff,

v.

UNITED STATES OF AMERICA, et al.,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Maritza Dominguez Braswell**

    *Pro se* Plaintiff Prince Jones is an inmate at the United States Penitentiary Administrative Maximum Facility. (*See* ["Complaint"], Doc. No. 25.) He filed this lawsuit against the Federal Bureau of Prisons ("BOP"),[1] principally alleging the BOP subjected him to cruel and unusual punishment in violation of the Eighth Amendment by (1) failing to conduct a physical examination or mandatory assessment of his medical needs, and (2) negligently giving him a "medicated scalp shampoo" to use as body lotion, causing a chemical burn. (*Id.* at 2–5.)

    Plaintiff seeks a preliminary injunction ordering the BOP to provide him (1) a full physical examination, (2) a dermatologist examination, and (3) "all required treatments which plaintiff is entitled to." (["Motion"], Doc. No. 26 at 1.) Plaintiff filed a supplement to his Motion, the BOP filed a response, Plaintiff filed a reply, Defendant responded, and Plaintiff again replied.[2] (["Motion Supplement"], Doc. No. 30; ["Response"], Doc. No. 42; ["Reply"], Doc. No.

---

[1] Plaintiff brings various other claims against various defendants. (*See generally* Doc. No. 25.) Those claims are not relevant to this Motion.

[2] Although the Court does not ordinarily permit sur-replies without leave, Plaintiff proceeds *pro se* and the Court construes his pleadings liberally. *Smith v. Crockett*, 2022 WL 366914, at *3–6

1

46; ["Supplemental Response"], Doc. No. 49, ["Supplemental Reply"], Doc. No. 50.) The Court held a telephonic hearing on August 3, 2023. (Doc. No. 55.) Having considered the parties' positions and relevant legal authority, the Court recommends that Plaintiff's Motion be **DENIED**.

## SUMMARY FOR *PRO SE* PLAINTIFF

The Court recommends that your request for a preliminary injunction be denied because the request for "all required treatments which [you are] entitled to" is essentially a request for the government to follow the law and that—on its own—cannot form the basis of a preliminary injunction. Additionally, you recently received a full physical examination, making that issue moot. And the allegations of skin bumps are insufficient to meet the "irreparable harm" standard, which the law requires you to meet. If you disagree with this Recommendation, you can object within fourteen (14) days. This is only a high-level summary of the Court's Recommendation. The full Recommendation is set out below.

## DISCUSSION

Two of Plaintiff's requests do not warrant extensive discussion. First, Plaintiff's request for a full physical examination is moot. During the August 3rd hearing, the BOP proffered and presented testimonial evidence that Plaintiff received a full physical examination in June. (*Accord* ["Supplemental Keller Declaration"], Doc. No. 49-1 at ¶ 7.) Plaintiff did not dispute this.³ His request for a full physical examination is thus moot. Second, Plaintiff's request that he be provided "all required treatments which [he] is entitled to" (Doc. No. 26 at 1) is essentially asking for a court order requiring BOP to follow the law, which is not a permissible injunction. *See Keyes v. Sch. Dist. No. 1, Denver, Colo.*, 895 F.2d 659, 668 (10th Cir. 1990) (Rule 65

---

(D. Colo. Jan. 20, 2022) (liberally construing *pro se* pleadings in review of a motion seeking preliminary injunctive relief).

³ To be clear, Plaintiff did dispute that he received a full physical examination in his Supplemental Reply. (*See* Doc. No. 50 at 1–2.) But he did not dispute this at the subsequent hearing.

"requires that an injunction be reasonably specific in identifying what acts are prohibited or required, both to give notice to the defendant of what is prohibited, and to guide an appellate court in reviewing the defendant's compliance or noncompliance with the injunction."); *Shook v. Bd. of Cnty. Comm'rs of Cnty. of El Paso*, 543 F.3d 597, 604 (10th Cir. 2008) ("[I]njunctions simply requiring the defendant to obey the law are too vague to satisfy Rule 65."). That leaves only Plaintiff's request for a dermatologist examination, which the Court discusses below.

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the [movant] is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008); *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1261 (10th Cir. 2004). To be entitled to preliminary injunctive relief, a movant must establish that (1) "he is likely to succeed on the merits," (2) "he is likely to suffer irreparable harm in the absence of preliminary relief," (3) "the balance of the equities tips in his favor," and (4) "an injunction is in the public interest." *Winter*, 555 U.S. at 20 (citations omitted). The third and fourth elements "merge" when, like here, the government is the opposing party. *Nken v. Holder*, 556 U.S. 418, 435 (2009). The moving party bears the burden of "establish[ing] that each of these [elements] tips in his or her favor." *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189–90 (10th Cir. 2003).

Here, Plaintiff admitted at the August 3rd hearing that his skin has healed from the chemical burn, though he has lingering bumps on his skin. The Court inquired as to the nature of the lingering bumps, the discomfort and pain, if any, and the nature of those ailments as minor or severe. Based on Plaintiff's responses and the government's statements as well, the Court determined that while causing serious discomfort, Plaintiff cannot establish that he is likely to suffer irreparable harm in the absence of preliminary relief. *See Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) ("To constitute irreparable harm, an injury must be certain [and] great[.]"); *Fish v. Kobach*, 840 F.3d 710, 751–52 (10th Cir. 2016) (To establish irreparable harm, "a plaintiff must demonstrate a significant risk that he or she will experience harm that cannot be compensated after the fact by money damages."). This alone warrants denying

Plaintiff's Motion. *See Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004) ("[A] showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction."). Moreover, granting Plaintiff's request for a dermatologist appointment and special lotion would be contrary to the well-established rule that "great deference and latitude must be allowed prison officials in managing the day-to-day operations of the prison system due to the unique nature, needs and concerns in the prison atmosphere." *Cotner v. Knight*, 61 F.3d 915 (10th Cir. 1995); *Turner v. Safley*, 482 U.S. 78, 84–85 (1987). For these reasons, elements two through four tip in the government's favor, and the Court need not reach the first element. *See Winter*, 555 U.S. at 20 ("A plaintiff seeking a preliminary injunction must establish" all four elements.).

But the Court notes that while the law compels this result, it is a difficult one to reach under the circumstances. Plaintiff's request for a dermatologist appointment is not unreasonable, and Plaintiff clearly and persuasively articulated that he has suffered for approximately two years from the after-effects of the alleged chemical burn. The BOP articulated compelling reasons why a dermatologist appointment is difficult: arrangements for an inmate to be seen by an outside specialist is always resource-intensive and can possess serious security risks. But Plaintiff has made another much more modest request. He seeks an ointment that was expressly recommended by a BOP medical professional. That request is particularly reasonable in light of the alleged chemical burn and the BOP's multi-month delay in performing a mandatory physical examination on Plaintiff.[4] Additionally, the BOP's requirement that Plaintiff sample two different lotions—which apparently cost seven dollars each—within a thirty-day period, *before*

---

[4] There appears to be no dispute that Plaintiff was entitled to a mandatory physical examination after he returned from federal writ on March 26, 2019. *Compare* Doc. No. 49-1 at ¶ 5 (BOP Health Services Administrator's averring that Plaintiff was out on federal writ for almost seventeen months and returned on March 26, 2019), *with* BOP Program Statement 6031.04 (noting "[a] complete physical examination [is] required for inmates who are out of BOP custody for more than 30 days," including inmates who are out on "writ"). And while the BOP has now conducted the examination and rendered the preliminary injunction request moot in that respect, it does not change the fact that the examination was delayed in the first place.

4

the BOP will provide the recommended ointment, poses a meaningful obstacle to Plaintiff, and seems particularly problematic under the circumstances.

Nevertheless, Plaintiff has not met his burden on this Motion and the Court must recommend denial.

## CONCLUSION

For the reasons set forth above, the Court **recommends DENYING** Plaintiff's Motion for a Preliminary Injunction (Doc. No. 26; 30) in full.

The Clerk is directed to mail a copy of this Recommendation to Plaintiff:

Prince E. Jones
#32455-007
FLORENCE ADMAX
U.S. PENITENTIARY
Inmate Mail/Parcels
PO BOX 8500
FLORENCE, CO 81226

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for de novo review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar de novo review by the district judge and will result in a waiver of the right to appeal from a judgment of the district court based on the magistrate judge's proposed findings and recommendations. *See Vega v. Suthers*, 195 F.3d 573, 579–80 (10th Cir.

1999) (a district court's decision to review a magistrate judge's recommendation de novo despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059–60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling). *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (noting firm waiver rule does not apply when the interests of justice require review).

Dated August 15, 2023.

**BY THE COURT:**

_____
Maritza Dominguez Braswell
United States Magistrate Judge