IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 22-cv-02854-PAB-MDB

PRINCE E. JONES,

    Plaintiff,

v.

UNITED STATES OF AMERICA,
FEDERAL BUREAU OF PRISONS,
JENNIFER SEROSKI, and
B. FOSTER,

    Defendants.

---

**ORDER**

---

This matter comes before the Court on the Recommendation of United States Magistrate Judge Maritza Dominguez Braswell [Docket No. 65]. The magistrate judge recommends that the Court deny plaintiff's motion for injunctive relief. Docket No. 65 at 2. Plaintiff Prince Jones filed an objection to the recommendation on August 28, 2023. Docket No. 68. On September 11, 2023, defendants filed a response. Docket No. 69. Mr. Jones filed a reply on September 21, 2023. Docket No. 70.

**I. BACKGROUND**

Mr. Jones is a federal inmate incarcerated at the ADX facility in Florence, Colorado. Docket No. 24 at 2. Mr. Jones filed this lawsuit on October 31, 2022, Docket No. 1, due to actions by various Bureau of Prison ("BOP") employees during his incarceration. *See* Docket No. 25 at 4–12. In his complaint, Mr. Jones primarily alleges that prison employees subjected him to cruel and unusual punishment in violation of the

Eighth Amendment.[1]  *Id.*  He asserts that the BOP failed to provide him with a necessary physical examination and negligently gave him a "medicated scalp shampoo" to use as body lotion, which caused chemical burns.  *Id.*

On May 3, 2023, Mr. Jones filed a motion for a preliminary injunction requesting that the BOP provide him with a physical examination, a dermatological examination, and "all required treatments which [Mr. Jones] is entitled to."  Docket No. 26 at 1.  This motion was referred to Magistrate Judge Dominguez Braswell, who conducted a hearing on this motion on August 3, 2023.  Docket No. 62.  Based on her findings at the hearing, Judge Dominguez Braswell concluded that Mr. Jones was not entitled to injunctive relief.  Docket No. 65 at 1.  Judge Dominguez Braswell denied Mr. Jones request for a physical exam as moot because the BOP provided Mr. Jones with an exam in June.  *Id.* at 2.  Judge Dominguez Braswell determined that Mr. Jones's request for an injunction for "all required treatments" which he was entitled to was too nonspecific to be granted.  *Id.*  Finally, Judge Dominguez Braswell found that Mr. Jones had failed to make an adequate showing of irreparable harm to justify the Court ordering the BOP to provide Mr. Jones with a dermatological examination.  *Id.* at 3.

## II.  LEGAL STANDARD

To succeed on a motion for a preliminary injunction, the moving party must show (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest.  *RoDa Drilling*

---

[1] Mr. Jones makes other allegations that are not relevant to this motion and will not be addressed.  *See* Docket No. 25.

*Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009). The third and fourth elements "merge" when, like here, the government is the opposing party. *Nken v. Holder*, 556 U.S. 418, 435 (2009). "[B]ecause a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Beltronics USA, Inc. v. Midwest Inventory Distrib., LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009) (quoting *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003)).

Moreover, because "the limited purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held," the Tenth Circuit has identified the following three types of specifically disfavored preliminary injunctions: "(1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that it could recover at the conclusion of a full trial on the merits." *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258–59 (10th Cir. 2005). Injunctions that disturb the status quo alter the parties' existing relationship. *Id*. "The status quo is not defined by the parties' existing legal rights; it is defined by the reality of the existing status and relationships between the parties, regardless of whether the existing status and relationships may ultimately be found to be in accord or not in accord with the parties' legal rights." *Id*. at 1259. Because Mr. Jones seeks injunctive relief that would alter the status quo by requiring the BOP to affirmatively provide him with a dermatological examination, he is required "to make a heightened showing of the four factors." *RoDa Drilling*, 552 F.3d at 1208-09; *see also O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 342 F.3d 1170, 1177 (10th Cir. 2003).

The Court will "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is proper if it is specific enough to enable the Court "to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996). In light of plaintiff's *pro se* status, the Court construes his filings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## III.  ANALYSIS

Mr. Jones makes the same arguments in his objection as he did in his motion for preliminary injunction. *Compare* Docket No. 68 *with* Docket No. 26. Mr. Jones does not point to any specific findings of fact or application of the law which were incorrect in Judge Dominguez Braswell's recommendation. *See* Docket No. 68 at 1–3. In his objection and reply, Mr. Jones states that he fears his lingering skin condition might be cancer. *Id.* at 1; Docket No. 70 at 3–4. Mr. Jones asserts that the possibility of him having cancer, along with any other damage caused by the BOP's alleged continuing failure to treat his skin condition, establishes irreparable harm. Docket No. 70 at 3. Therefore, the Court construes Mr. Jones's objections to Judge Dominguez Braswell's recommendation to be that Judge Dominguez Braswell incorrectly determined that Mr. Jones would not face irreparable harm if his motion was denied.

At the hearing on August 3, 2023, Mr. Jones admitted that his skin had healed from the chemical burns caused by the shampoo. Docket No. 65 at 3. Judge Dominguez Braswell acknowledged that Mr. Jones's resulting skin condition causes him serious discomfort, but determined that this was insufficient to show irreparable harm.

4

*Id.* To constitute irreparable harm, an injury must be "certain." *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189–90 (10th Cir. 2003). His fear of cancer, unsubstantiated by any evidence, is not a sufficient showing that Mr. Jones faces a certain or significant risk of irreparable harm. Judge Dominguez Braswell did not err in concluding that Mr. Jones failed to make a strong showing of irreparable harm necessary for the Court to grant his preliminary injunction. Because Mr. Jones failed to make this showing, his motion for a preliminary injunction is appropriately denied. *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004) ("[A] showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction.").

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the Recommendation of United States Magistrate Judge Maritza Dominguez Braswell [Docket No. 65] is **ACCEPTED**. It is further

**ORDERED** that Plaintiff's Objection to the Magistrate Judge Recommendation to Deny Preliminary Injunction [Docket No. 68] is **OVERRULED**. It is further

**ORDERED** that plaintiff's Motion for Preliminary Injunction Relief [Docket No. 26] and Supplemental Motion in Support of Motion for Preliminary Injunction [Docket No. 30] are **DENIED**.

DATED November 28, 2023.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge