IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 22-cv-02854-PAB-MDB

PRINCE E. JONES,

       Plaintiff,

v.

UNITED STATES OF AMERICA,
FEDERAL BUREAU OF PRISONS,
JENNIFER SEROSKI, and
B. FOSTER,

       Defendants.

---

# ORDER

---

This matter comes before the Court on the Recommendation of United States Magistrate Judge Maritza Dominguez Braswell [Docket No. 72]. The magistrate judge recommends that the Court grant in part and deny in part Defendants' Motion to Dismiss the Second Amended Prisoner Complaint (ECF No. 25) [Docket No. 47] filed by defendants United States of America, Federal Bureau of Prisons ("BOP"), Jennifer Seroski, and B. Foster's. The Court received plaintiff Prince Jones's objection to the recommendation on January 22, 2024. Docket No. 74.

## I. BACKGROUND

Mr. Jones is a federal inmate incarcerated at the ADX facility in Florence, Colorado. Docket No. 25 at 2. Mr. Jones filed this lawsuit on October 31, 2022, Docket No. 1, based on actions by various BOP employees during his incarceration. *See* Docket No. 25 at 4–12. In his second amended complaint ("the complaint"), Mr. Jones

asserts that the BOP negligently gave him a "medicated scalp shampoo" to use as body lotion, which caused chemical burns. Id. at 7. He further alleges that two of his "personal books and documents" were wrongfully confiscated. Id. at 9. Mr. Jones brings (1) two Fifth and Eighth Amendment claims against defendants Seroski and Foster under Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971); (2) two Fifth and Eighth Amendment claims against defendants BOP, Seroski, and Foster; and (3) three Federal Tort Claims Act ("FTCA") claims against the United States. Id. at 2–14.

On June 14, 2023, defendants filed a motion to dismiss Mr. Jones's complaint on the grounds that (1) plaintiff has no Bivens remedy against defendants Seroski and Foster, (2) defendants Seroski and Foster are entitled to qualified immunity, (3) Mr. Jones has failed to adequately plead constitutional violations, and (4) the Court lacks subject-matter jurisdiction over Mr. Jones's FTCA claims for confiscation of his property. Docket No. 47 at 3–15. This motion was referred to Magistrate Judge Dominguez Braswell on June 15, 2023. Docket No. 48. Judge Dominguez Braswell issued a recommendation on January 3, 2024. Docket No. 72. Judge Dominguez Braswell's recommendation finds that (1) Mr. Jones does not have a Bivens action against defendants Foster and Seroski in their individual capacities; (2) Mr. Jones has not adequately pled his Fifth Amendment claims; (3) Mr. Jones has not adequately pled his Eighth Amendment claims; (4) any claims brought by Mr. Jones under the FTCA for confiscation of his property are barred; and (5) plaintiff has not established a viable claim for a due process violation under Accardi v. Shaughnessy, 347 U.S. 260, 266–67 (1954). Id. at 1–20, 22–23. However, Judge Dominguez Braswell determined that Mr.

Jones has adequately pled a medical malpractice claim under the FTCA. *Id.* at 20–22. Litigants have fourteen days after service of a copy of the recommendation to file an objection. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). Mr. Jones certifies that his objection was mailed on January 9, 2024. Docket No. 74 at 5. Mr. Jone's objection was post-marked January 18, 2024, and was received by the Court on January 22, 2024. *Id.* at 1, 6. The Court will consider Mr. Jones's objection timely and will review the merits of his objection.

## II.  LEGAL STANDARD

### A.  Motion to Dismiss

#### 1.  Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) allows a party to move to dismiss a claim for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Such dismissal is not a judgment on the merits; rather, it is a determination that the court lacks authority to adjudicate the claim, attacking the existence of jurisdiction. *Creek Red Nation, LLC v. Jeffco Midget Football Ass'n., Inc.*, 175 F. Supp. 3d 1290, 1293 (D. Colo. 2016). A court lacking jurisdiction "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Caballero v. Fuerzas Armadas Revolucionarias de Colombia*, 945 F.3d 1270, 1273 (10th Cir. 2019) (quotation omitted). The dismissal is without prejudice. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006).

Challenges to subject matter jurisdiction may take two forms – a facial attack or a factual attack – each with distinct analytical frameworks. *United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1203 (10th Cir. 2001). A facial challenge focuses on the

3

sufficiency of the allegations in the complaint. *Id.* In resolving a facial challenge, "the district court must accept the allegations in the complaint as true." *Id.* By contrast, a factual challenge allows a party to "go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends." *Id.* (citation omitted). In addressing a factual challenge to subject matter jurisdiction, "the court does not presume the truthfulness of the complaint's factual allegations, but has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id.* (citation and quotations omitted); *see also Stuart v. Colorado Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001) ("a court's reference to evidence outside the pleadings does not convert the motion into a Rule 56 motion"). The burden of establishing subject matter jurisdiction lies with the party asserting it. *Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005).

### 2. Rule 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege enough factual matter that, taken as true, makes the plaintiff's "claim to relief . . . plausible on its face." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The 'plausibility' standard requires that relief must plausibly follow from the facts alleged, not that the facts themselves be plausible." *RE/MAX, LLC v. Quicken Loans Inc.*, 295 F. Supp. 3d 1163, 1168 (D. Colo. 2018) (citing *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008)). Generally, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'"

4

*Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555) (alterations omitted).  However, a plaintiff still must provide "supporting factual averments" with her allegations.  *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009) ("[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." (citation omitted)).  Otherwise, a court need not accept conclusory allegations.  *Moffet v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1232 (10th Cir. 2002).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quotations and alterations omitted); *see also Khalik*, 671 F.3d at 1190 ("A plaintiff must nudge [his] claims across the line from conceivable to plausible in order to survive a motion to dismiss." (quoting *Twombly*, 550 U.S. at 570)).  If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then plaintiff has not stated a plausible claim.  *Khalik*, 671 F.3d at 1191 (quotations omitted).  Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory."  *Bryson*, 534 F.3d at 1286 (alterations omitted).

### III.  ANALYSIS

Mr. Jones makes the same arguments in his objection as he did in his response to defendants' motion.[1]  *Compare* Docket No. 74 *with* Docket No. 59.  Mr. Jones does

---

[1] The Court will "determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  An objection is proper if it is specific enough to enable the Court "to focus attention on those issues – factual and

not point to any specific findings of fact or application of the law that were incorrect in Judge Dominguez Braswell's recommendation.  *See* Docket No. 74 at 1–4.  Instead, Mr. Jones makes two general objections.  First, Mr. Jones objects to Judge Dominguez Braswell's "proposed finding that Plaintiff failed to state a Fifth Amendment Property claim under the 5th Amendment taking[s] clause under *Bivens*."  *Id.* at 2.  In support of this objection, Mr. Jones states that he "is entitled to due process in accord[ance] with the BOP policy program statement 553.14 and in accordance with the 5th Amendment to the constitution."  *Id.*  He further "asserts that the Defendants have No Right to deprive him of his property by taking and then denying any relief or return of said property."  *Id.*  Mr. Jones's objection disputes only the correctness of the recommendation and does not point to specific errors made by Judge Dominguez Braswell.  Mr. Jones's objection is therefore insufficient.  *Stamtec, Inc. v. Anson*, 296 F. App'x 518, 520 (6th Cir. 2008) (unpublished) ("Objections disputing the correctness of the magistrate's recommendation, but failing to specify the findings believed to be in error are too general and therefore insufficient.").

Judge Dominguez Braswell determined that Mr. Jones failed to adequately plead a Fifth Amendment violation because Mr. Jones did not demonstrate that the deprivation of his property resulted in an "atypical and significant hardship."  Docket No. 72 at 15 (citing *Sandin v. Connor*, 515 U.S. 472, 484 (1995)).  Mr. Jones also failed to show how the procedures utilized to confiscate his property were inadequate under the

---

legal – that are at the heart of the parties' dispute." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996) (citation omitted).  In light of plaintiff's pro se status, the Court construes his filings liberally.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

circumstances.  *Id.* (citing *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011)).  The Court agrees that these defects show that plaintiff has failed to adequately plead a Fifth Amendment violation.

Second, Mr. Jones objects to the magistrate judge's "proposed finding that Plaintiff failed to state a[n] 8th Amendment claim under Deliberate Indifference to medical needs."  Docket No. 74 at 3.  Mr. Jones contends that he "is entitled to adequate medical treatment and care in accordance with BOP policy program statement 6031.04 and 5580-2 . . . which Defendants failed to comply with."  *Id.*  Mr. Jones "asserts that the Defendants have No Right to ignore and deny him treatment and care for his medical needs."  *Id.*  Mr. Jones's objection again disputes only the correctness of the recommendation and points to no specific errors made by Judge Dominguez Braswell.  Mr. Jones's objection is therefore insufficient.  *Stamtec*, 296 F. App'x at 520.

Judge Dominguez Braswell concluded that the exhibits relied on by Mr. Jones undermined his ability to claim that defendants were deliberately indifferent.  Docket No. 72 at 17.  To properly plead a deliberate indifference claim, Mr. Jones must show that "a prison official knows of and disregards an excessive risk to inmate health or safety."  *Crowson v. Washington Cnty.*, 983 F.3d 1166, 1178 (10th Cir. 2020) (quotation and citation omitted).  Judge Dominguez Braswell found that Mr. Jones's exhibits showed that Mr. Jones was "counseled on his plan of care" and was "evaluated by the Duty Nurse," who advised him to increase his water intake and provided him with a small amount of lotion.  Docket No. 72 at 17 (citing Docket No. 59-2 at 24).  The Court agrees with Judge Dominguez Braswell's conclusion that this demonstrates defendants were

7

not deliberately indifferent to his injury, and that therefore his Eighth Amendment claim should be dismissed.

Mr. Jones makes no other objections to Judge Dominguez Braswell's recommendation. The Court will overrule Mr. Jones's objections.

## III. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 72] is **ACCEPTED**. It is further

**ORDERED** that plaintiff's Objection [Docket No. 74] is **OVERRULED**. It is further

**ORDERED** that Defendants' Motion to Dismiss the Second Amended Prisoner Complaint [Docket No. 47] is **GRANTED in part** and **DENIED in part**. It is further

**ORDERED** that plaintiff's *Bivens* claims against defendants Jennifer Seroski and B. Foster, in their individual capacities, are **DISMISSED with prejudice**. It is further

**ORDERED** that plaintiff's Fifth and Eighth Amendment claims against the Federal Bureau of Prisons, and against Jennifer Seroski and B. Foster, in their official capacities, are **DISMISSED with prejudice**. It is further

**ORDERED** that plaintiff's Federal Tort Claims Act claims for confiscation of property and under the *Accardi* doctrine against the United States are **DISMISSED with prejudice**.

DATED January 31, 2024.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge